WRIGHT, FINLAY & ZAK, LLP
Chelsea A. Crowton, Esq.
Nevada Bar No. 11547
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
ccrowton@wrightlegal.net

*Attorneys for Defendants, The Bank of New York Mellon, f/k/a Bank of New York, as Trustee AS Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-OC2, Mortgage Pass-Through Certificates Series 2006-OC2 and Select Portfolio Servicing, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ILIA CHAROV<br><br>Debtor.<br><br>───────────────────<br><br>ILIA CHAROV AND RICK A. YARNALL as TRUSTEE BANK<br><br>Plaintiffs<br><br>v.<br><br>BANK OF NEW YORK MELLON, AS TRUSTEE BANK, et. al.<br><br>Defendant. | Adversary Case No. 15-01107-mkn<br>Case No.: 15-13297-mkn<br>Chapter:   13<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR MORE DEFINITE STATEMENT**<br><br>Hearing Date:  January 14, 2016<br>Hearing Time: 10:00 am |

Defendants, The Bank of New York Mellon, f/k/a Bank of New York, as Trustee AS Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-OC2, Mortgage Pass-Through Certificates Series 2006-OC2 (hereinafter "BONY") (erroneously sued as "Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2006-OC2, Mortgage Pass-Through Certificates Series 2006-OC2") and Select Portfolio Servicing, Inc. (hereinafter "SPS"), by and through its counsel of record, Chelsea A. Crowton, Esq. of Wright, Finlay & Zak, LLP, hereby submits its Reply in Support of

1  the Motion to Dismiss and Motion for More Definite Statement.  This Reply is based upon the
2  attached Memorandum of Points and Authorities, all pleadings and documents filed in the above-
3  Court, all judicially noticed facts, and any oral arguments that may be presented at the time of
4  the hearing on this matter.
5  DATED this 11th day of January, 2016.

        WRIGHT, FINLAY & ZAK, LLP
        _____/s/ Chelsea A. Crowton, Esq._____
        Chelsea A. Crowton, Esq.
        Nevada Bar No. 11547
        7785 W. Sahara Ave., Ste. 200
        Las Vegas, NV 89117
        *Attorneys for Defendants, The Bank of New York Mellon, f/k/a Bank of New York, as Trustee AS Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-OC2, Mortgage Pass-Through Certificates Series 2006-OC2 and Select Portfolio Servicing, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTORY STATEMENT**

Plaintiff's Opposition fails to address the legal arguments asserted in the Motion and fails to add any facts to the Complaint that can elucidate what the Plaintiff is alleging against Defendants.  Plaintiff's Opposition is merely a series of misunderstandings regarding the rules of civil procedure and citations to non-Nevada law.  Based on the above, the Court should grant Defendants' Motion to Dismiss or in the alternative Motion for More Definite Statement.

**II.    LEGAL ARGUMENTS**

The arguments regarding the alleged failure of the Defendants to "admit or deny" the allegations in the Complaint fail to understand the Federal Rules of Civil Procedure (F.R.C.P.). Under F.R.C.P. Rule 12, the Defendants have the ability to seek dismissal of the Complaint without filing an answer admitting or denying the allegations in the Complaint or seek a clarification regarding the allegations in the Complaint.  In lieu of filing an Answer to the Complaint, Defendants have sought dismissal of Plaintiff's Complaint or in the alternative clarification as to the claims asserted against Defendants.  Defendants are also not in default with

1  the Court because the Clerk of the Court never entered a default against the Defendants prior to
2  the filing of Defendants' Motion.
3        Plaintiff relies on the fact that it is seeking "declaratory relief," but fails to state what
4  relief and allegations Plaintiff is asserting against Defendants.  Declaratory relief cannot be a
5  separate cause of action and must be prefaced on a separate, independent cause of action.  <u>Stock</u>
6  <u>West, Inc. v. Confederated Tribes of Coville Reservations</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).
7  As stated in Defendants' Motion and herein, Plaintiff's Complaint fails to state any claim against
8  Defendants; therefore, any Complaint for Declaratory Relief should be dismissed as to
9  Defendants.
10        Plaintiff's arguments regarding Arizona Law's requirements regarding presentation of the
11  original Note are inapplicable and in direct contrast to Nevada law.  N.R.S. 107.080 does not
12  require a Beneficiary or agent of the Beneficiary to present the original Note in order to foreclose
13  on a Property.  Nothing in the Nevada foreclosure scheme requires a foreclosing party to prove
14  its standing.  See N.R.S. 107.080(2)(c) ("The beneficiary, the successor in interest of the
15  beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of
16  the county wherein the trust property, or some part thereof, is situated a notice of the breach and
17  of the election to sell or cause to be sold the property to satisfy the obligation."); see also <u>Gomez</u>
18  <u>v. Countrywide Bank, FSB</u>, 74 Fed. R. Serv. 3d 1339 (D. Nev. 2009) ("But one thing is clear: so
19  long as the note is in default and the foreclosing trustee is either the original trustee or has been
20  substituted by the holder of the note or the holder's nominee, there is simply no defect in
21  foreclosure, at least in states such as Nevada where a trustee may foreclose non-judicially.");
22  <u>Oraha v. Metrocities Mortgage. LLC</u>, 2012 WL 70834 (D. Ariz., January 10, 2012); <u>Diessner v.</u>
23  <u>Mortgage Electronic Registration</u>, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (recognizing that
24  district courts "have routinely held that [the] "show me the note" argument lacks merit"' (quoting
25  <u>Mansour v. Cal-Western Reconveyance Com</u>., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009)));
26  <u>Hafiz v. Greenpoint Mortg. Funding. Inc</u>., 652 F. Supp. 2d 1039 (N.D. Cal. 2009) (stating that, in
27  California, which has a statute analogous to NRS 104.3501(2)(b), a deed of trust trustee need not
28  produce the original note to initiate non-judicial foreclosure proceedings).  Plaintiff does not

1 refute executing the Note and Deed of Trust and receiving the benefit of the proceeds of the
2 loan.[1]  Plaintiff does not impute any malfeasance to the Assignments or the recorded land
3 documents.  The Deed of Trust states that GreenPoint Mortgage Funding, Inc. is the Lender and
4 MERS is the nominee for the Lender, possessing all the powers and rights of the
5 Lender/Beneficiary under the Deed of Trust.[2]  Plaintiff does not assert that he did not default on
6 the 2005 loan.[3]  The 2010 Assignment was executed by MERS to BONY and the Assignment
7 was properly recorded in the Clark County Recorder's Office.[4]
8          Nevada law has traditionally held that the deed of trust enforceable, and that even those
9 situations where the debt could be extinguished, the mortgage will still exist.  S.T. Henry v. The
10 Confidence Gold and Silver Mining Company, 1 Nev. 619, 1865 WL 1098 (1865).  Therefore
11 "[s]eparation of the [N]ote and security deed creates a question of what entity would have
12 authority to foreclose, but does not render with instrument void."  Edelstein v. Bank of New
13 York Mellon,128 Nev. Adv. Op 48 at 19 (Sept. 27, 2012)(No. 57430).  Based on case law, even
14 if Plaintiff's Note and Deed of Trust were split, the underlying obligation and enforceability of
15 the secured interest is not void, thereby disproving the legal arguments she asserted.  Under the
16 traditional rule, "when a Note secured by a mortgage is transferred, 'transfer of the Note carries
17 with it the security without any formal assignment or delivery, or even mention of the latter.'"
18 Vega v. CTX Mortgage Co., LLC, --F. Supp. 2d---, 2011 WL 192517, *2 (D. Nev. 2011) and In
19 re Vargas, 396 B.R. 511, 516 (Bankr. C.D. Cal 2008)(quoting Carpenter v. Longan, 83 U.S. 271,
20 275 (1872)).  Under the Traditional Rule, "an assignment of the [N]ote carries the [deed] with it,
21 while an assignment of the latter alone is a nullity."  "While the [N]ote is 'essential,' the [deed]
22 is only 'an incident to the [N]ote."  Id.  Therefore, under the traditional rule, MERS' Assignment
23 of the Deed of Trust, separate from the Note, would not forestall the enforcement of Plaintiff's
24 Note and Deed of Trust, for "it would be superfluous to then require one to separately prove that
25 a previous beneficiary 'properly assigned its interest in land via the deed of trust" by requiring

---

[1] See Complaint in general.
[2] See **Exhibit A** attached to Docket No. 23.
[3] See Complaint in general.
[4] See **Exhibit B** attached to Docket No. 23.

1 the new beneficiary' to provide a signed writing . . . demonstrating that transfer of interest."
2 Leyva v. National Default Servicing Corp., 255 P.3d 1275, 1279 (2011).  Nevada has adopted
3 the Restatement approach, whereby a promissory Note and a Deed of Trust are automatically
4 transferred together unless the parties agree otherwise to the transfer of instruments.
5 Edelstein,128 Nev. Adv. Op 48 at 15; and Restatement (Third) of Prop.: Mortgages § 5.4(a)
6 (1997).

7      The Nevada Supreme Court recently stated that nothing under the law requires that a
8 deed of trust and note be unified from the point of inception of the loan.  Edelstein,128 Nev.
9 Adv. Op. 48 at 20, citing In re Tucker, 441 B.R. 638, 644 (Bankr. W.D. Mo. 2010).  The Nevada
10 Supreme Court also stated that MERS is capable of being a valid Beneficiary of a Deed of Trust
11 and a separation of the Note and Deed of Trust is not fatal or irreparable to the Note or Deed of
12 Trust.  Edelstein,128 Nev. Adv. Op. 48 at 20.  The Nevada Supreme Court merely states that the
13 two instruments, the deed of trust and note, must be ultimately held by the same party at the time
14 of foreclosure.  Id., citing, Cervantes, 656 F.3d at 1039.  In Plaintiff's case, MERS conveyed
15 both the Note and Deed of Trust.  Based on the Assignment, the Note and Deed of Trust have
16 been reunited prior to the foreclosure, thereby complying with the legal standard asserted in
17 Edelstein.

18      Based on N.R.S. 107.080 et seq. and the chain of title, the claims as to production of the
19 Note fail to state a claim for relief against the Defendants, and the Complaint should be
20 dismissed as to the Defendants in this case.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ////

### III. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court dismiss the Plaintiff's Complaint.

DATED this 11th day of January, 2016.

                                            WRIGHT, FINLAY & ZAK, LLP
                                               /s/ Chelsea A. Crowton, Esq.
                                            Chelsea A. Crowton, Esq.
                                            Nevada Bar No. 11547
                                            7785 W. Sahara Ave., Ste. 200
                                            Las Vegas, NV 89117
                                            *Attorneys for Defendants, The Bank of New York Mellon, f/k/a Bank of New York, as Trustee AS Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-OC2, Mortgage Pass Through Certificates Series 2006-OC2 and Select Portfolio Servicing, Inc.*