_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
January 15, 2016

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | | |
|---|---|---|
| In re: | ) | BK-S-15-13297-MKN |
| ILIA CHAROV, | ) | Chapter 13 |
| Debtor. | ) | |
| ILIA CHAROV, et al., | ) | Adversary No.: 15-01107-MKN |
| Plaintiffs, | ) | |
| v. | ) | |
| BANK OF NEW YORK MELLON, et al., | ) | Date: January 14, 2016<br>Time: 10:00 a.m. |
| Defendants. | ) | |

**ORDER ON MOTION TO DISMISS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR MORE DEFINITE STATEMENT[1]**

On January 14, 2016, the court heard the Motion to Dismiss Complaint for Declaratory and Injunctive Relief and for More Definite Statement ("Dismissal Motion") brought by defendant Bank of New York Mellon ("Defendant"). Counsel for the Defendant appeared at the hearing. After arguments were presented, the matter was taken under submission.

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court. All references to "AECF No." are to the numbers assigned to the documents filed in the above-captioned adversary proceeding as they appear on the adversary docket maintained by the clerk of the court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Practice. All references to "FRCP" are to the Federal Rules of Civil Procedure.

1

**BACKGROUND**

On March 5, 2015, Ilia Charov ("Debtor") commenced a voluntary Chapter 13 proceeding, denominated Case No. 15-11153-MKN, that was dismissed on May 28, 2015, due to the Debtor's failure to appear at a meeting of creditors, failure to commence plan payments, and other reasons.[2]

On June 5, 2015, Debtor filed the present voluntary Chapter 13 petition. (ECF No. 1). The case was assigned to Rick Yarnall as Chapter 13 trustee ("Trustee"). On his real property Schedule "A," Debtor listed an interest in certain real property located at 1578 E. Cassia Court, Gilbert, Arizona 85296 ("Arizona Property"). On his creditor Schedule "D," Debtor listed Select Porfolio Servicing ("Select Portfolio") as having a claim in the amount of $247,033.00 secured by a mortgage against the Arizona Property.[3]

Because the Debtor's current case was commenced within one year of the dismissal of her prior case, the automatic stay under Section 362(a) was in effect for only 30 days, i.e., until July 5, 2015, unless the Debtor took steps to continue the automatic stay pursuant to Section 362(c)(3)(A). Debtors did not do so. As a result, an order was entered on July 14, 2015, pursuant to Section 362(j), confirming that the automatic stay had terminated. (ECF No. 18).

On June 8, 2015, a notice was issued informing the Debtor that a proposed Chapter 13 plan had not been filed as required by FRBP 3015(b). (ECF No. 9).

On June 30, 2015, Debtor filed, *in propria persona*, a complaint ("Complaint") commencing the above-captioned adversary proceeding ("Adversary Proceeding"). (AECF No. 1). The Complaint names both the Debtor and the Trustee as plaintiffs, with BONY and Select Porfolio as the defendants. The Complaint apparently seeks a declaratory judgment concerning the validity, priority, or extent of the Defendants' interest in the Arizona Property based on the following allegations:

---

[2] The order dismissing the Debtor's prior Chapter 13 proceeding was entered in that case as Docket No. 26 on May 28, 2015.

[3] On June 30, 2015, a request for special notice was filed on behalf of Bank of New York Mellon, f/k/a Bank of New York ("BONY" and now Defendant), identifying Select Portfolio as the servicing agent for BONY. (ECF No. 14).

2

A. Under the actual and genuine instruments material to the subject property;
B. Under applicable Arizona law, and if the Defendant is negligent per se;
C. Declare who are the real parties in interest and who are strangers to the actual and genuine instruments materials to the subject property; and
D. If any Defendants are found to be strangers to those instruments, to remove their cloud from my property's title as "Further necessary or proper relief."

Complaint at § 4.

On July 22, 2015, the Trustee filed a motion to dismiss the Debtor's Chapter 13 proceeding based on his failure to file a proposed plan. (ECF No. 20).

On July 28, 2015, BONY filed a proof of claim ("POC") through Select Portfolio in the amount of $327,806.46. The POC indicates that the Debtor's last mortgage payment was received by the lender on August 6, 2008. Attached to the POC are copies of an Assignment of Mortgage recorded in Maricopa County, Arizona, on June 1, 2010, in favor of BONY, as well as a Deed of Trust against the Arizona Property that was recorded on December 29, 2005. In addition to the assignment and deed, a copy of an Adjustable Rate Note dated December 28, 2005, is attached to the POC indicating that the Debtor originally borrowed $247,100 from the original lender secured by the Arizona Property. Included at the back of that copy is a page that appears to be a blank endorsement of the promissory note, executed by an officer of the original lender. The POC is signed by counsel representing BONY.

On August 12, 2015, Debtor, in pro se, filed an objection to the POC. (ECF No. 25). Debtor never noticed the objection ("Claim Objection") for a hearing as required by FRBP 3007(a) and Local Rule 3007(b). Additionally, no certificate or proof is attached to the objection evidencing that it was ever served on BONY or Select Portfolio, or any of their counsel. As a result, no hearing on the Claim Objection was ever scheduled before the court.

On September 1, 2015, an order was entered dismissing the Debtor's bankruptcy case due to the Debtor's failure to file a Chapter 13 plan. (ECF No. 29). The dismissal order was never appealed.

On October 28, 2105, an order was entered reopening Debtor's bankruptcy case solely with respect to the Adversary Proceeding. (ECF No. 35).

On November 13, 2015, Defendant filed the instant Dismissal Motion. (AECF No. 23). The motion was noticed to be heard on January 14, 2016. (AECF No. 24).

3

1    On January 8, 2016, Debtor filed an opposition ("Opposition").  (AECF No. 27).

2    On January 12, 2016, Defendant filed a reply ("Reply").  (AECF No. 28).

## DISCUSSION

Defendants seek to dismiss the Complaint for failure to state a claim for relief under FRCP 12(b)(6), or for a more definite statement under FRCP 12(e).  The Dismissal Motion, as well as Debtor's response, however, do not address whether further prosecution of this Adversary Proceeding is required or even if so, is properly venued.

Because the Debtor's Chapter 13 proceeding has been dismissed, no bankruptcy relief presently is being sought.  The order dismissing the Debtor's case has not been appealed.  No distribution will be made on the POC.  Thus, the validity, extent or priority of Defendants' interest in the Arizona Property has no relationship to any bankruptcy matter or case before this court.[4]

Additionally, the automatic stay with respect to both the Debtor and the Arizona Property terminated on July 5, 2015, by operation of law under Section 362(c)(3)(A).  See Reswick v. Reswick (In re Reswick), 446 B.R. 362, 373 (B.A.P. 9th Cir. 2011).  Since that date, Defendants have been and continue to be free to exercise their remedies available under Arizona law.[5]

Absent any connection with a bankruptcy matter before this court, the claims set forth in the Complaint reflect only a two-party dispute governed by Arizona law involving real property

---

[4] Debtor is no stranger to this court.  The instant case is the fifth Chapter 13 proceeding he has commenced in this court since 2009.  Case Number 09-15503 was filed on April 13, 2009 and dismissed on October 15, 2009, due to the Debtor's failure to provide information to the assigned trustee.  Case No. 10-14429 was filed on March 18, 2010, and dismissed on August 3, 2010, due to the Debtor's failure to pay filing fees.  Case No. 13-18750 was filed on October 15, 2013, and dismissed on January 15, 2014, due to the Debtor's failure to failure to file schedules and statements.  As previously mentioned, Case No. 15-11153 was dismissed on May 28, 2015, due to the Debtor's failure to appear at the required meeting of creditors and failure to commence plan payments.

[5] On June 30, 2015, Debtor *in pro se* filed an Application for Preliminary Injunction in the Adversary Proceeding seeking to enjoin the Defendants from exercising any rights against the Arizona Property.  Debtor never noticed the application for a hearing as required by FRCP 65(a)(1) and Local Rule 9014(b).  Additionally, no certificate or proof is attached to the application evidencing that it was ever served on the Defendants, or any of their counsel.  As a result, no hearing on the application was ever scheduled before the court.

1 located in Maricopa County, Arizona.

2 Under these circumstances, dismissal of the Complaint is appropriate. Such dismissal, however, will be without prejudice to the Debtor presenting his claims, if any, in an appropriate non-bankruptcy forum. No further adversary proceedings may be commenced in connection with Case No. 15-13297.

6 **IT IS THEREFORE ORDERED** that the Motion to Dismiss Complaint for Declaratory and Injunctive Relief and for More Definite Statement, Docket No. 23, be, and the same hereby is, **DENIED WITHOUT PREJUDICE**.

9 **IT IS FURTHER ORDERED** that the above-captioned Adversary Proceeding be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE**.

11 **IT IS FURTHER ORDERED** that the Clerk of the Court shall close the above-captioned Adversary Proceeding.

Copies sent to all parties via BNC

Copies also sent via BNC to:
ILIA CHAROV
1708 CORDOBA LANE
LAS VEGAS, NV 89108

# # #